**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| **Masum James Vijan,**<br>Petitioner<br>-vs-<br>**Dora B. Schriro, et al.,**<br>Respondents | CV-09-0121-PHX-DGC (JRI)<br><br>**REPORT & RECOMMENDATION**<br>**On Petition for Writ of Habeas Corpus**<br>**Pursuant to 28 U.S.C. § 2254** |

## I. MATTER UNDER CONSIDERATION

Petitioner, presently incarcerated in the Arizona State Prison Complex at Tucson, Arizona, filed an Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on May 5, 2009 (Doc. 13), supplemented with various exhibits (Doc. 14). On September 2, 2009, Respondents filed their Response (Doc. 24). Petitioner filed a Reply on September 30, 2009 (Doc. 25).

The Petitioner's Petition is now ripe for consideration. Accordingly, the undersigned makes the following proposed findings of fact, report, and recommendation pursuant to Rule 8(b), Rules Governing Section 2254 Cases, Rule 72(b), Federal Rules of Civil Procedure, 28 U.S.C. § 636(b) and Rule 72.2(a)(2), Local Rules of Civil Procedure.

## II. RELEVANT FACTUAL & PROCEDURAL BACKGROUND
### A. FACTUAL BACKGROUND

In disposing of Petitioner's petition for review, the Arizona Court of Appeals described the factual background as involving "an altercation during which Vijan had struck an acquaintance with the end of a shotgun and had then driven his vehicle into the victim's parked vehicle." (Exhibit L, Mem. Dec. 2/7/07 at 1.) (Exhibits to the Response, Doc. 24, are

referenced herein as "Exhibit ___." Exhibits to the Amended Petition, Doc. 13, including those at Doc. 14 are referenced herein as "Pet. Exhibit.")

## B. PROCEEDINGS AT TRIAL

Petitioner was indicted in Pinal County Superior Court on one count of aggravated assault and one count of criminal damage. (Exhibit A, Indictment.) Following a jury trial, Petitioner was convicted on both counts. (Exhibit B, M.E. 2/14/03; Exhibit L, Mem. Dec. 2/27/07 at 1.) Petitioner, through post-trial counsel, filed a Motion to Vacate the Verdict (Exhibit E), arguing that trial counsel had been using drugs and was impaired at the time of trial, and had used drugs with Petitioner during trial leaving Petitioner impaired during trial. After an evidentiary hearing (Exhibit F, R.T. 2/24/04), the trial court found the allegations unconvincing and denied the motion to vacate. (Exhibit G, M.E. 2/25/04.)

On March 25, 2004, Petitioner was sentenced to serve consecutive, presumptive terms, totaling nine years, composed of 7.5 years on the aggravated assault charge, and 1.5 years on the criminal damage charge. (Exhibit I, Sentence 3/25/04; Exhibit L, Mem. Dec. 2/27/07 at 1-2.)

## C. PROCEEDINGS ON DIRECT APPEAL

Petitioner filed a direct appeal, arguing that he received ineffective assistance of counsel from trial counsel who used drugs with Petitioner and was disciplined and suspended by the Arizona Supreme Court. (Exhibit J, Opening Brief.) His convictions and sentences were affirmed by a decision filed March 16, 2005. (Exhibit L, Mem. Dec. 2/27/07 at 2.) Petitioner did not seek review by the Arizona Supreme Court. (Amend. Pet., Doc. 13 at 3.)

## D. PROCEEDINGS ON FIRST POST-CONVICTION RELIEF

On July 18, 2005, Petitioner filed through counsel a Notice of Post-Conviction Relief (Pet. Exhibit, Doc. 14-1 at 5). He filed a PCR petition arguing the trial court failed to give proper weight to the mitigating factor of Plaintiff's mental illness. (Exhibit N, Pet. Rev. at

Exhibit B, PCR Pet.) The trial court summarily denied relief on September 13, 2006. (Exhibit K, Pet. Rev. at Exhibit A, M.E. 9/13/06.)

Petitioner filed a Petition for Review with the Arizona Court of Appeals (Exhibit K). In a Memorandum Decision issued February 27, 2007 (Exhibit L), the petition was denied. Petitioner filed a Motion for Reconsideration (Exhibit M) and a Petition for Review by the Arizona Supreme Court (Exhibit N). That petition was denied on August 17, 2007, and the mandate was issued October 5, 2007. (Exhibit O, Docket at 3.)

### E.  PROCEEDINGS ON SECOND POST-CONVICTION RELIEF

On December 2, 2008, Petitioner filed a second Notice of Post-Conviction Relief (Exhibit P). The trial court summarily denied relief on January 8, 2009. (Exhibit Q, M.E. 1/8/09.) Petitioner did not seek review by the Arizona Court of Appeals. (Amend. Pet., Doc. 13 at 5.)

### E.  PRESENT FEDERAL HABEAS PROCEEDINGS

**Petition** - Petitioner commenced the current case by filing his original Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on January 20, 2009 (Doc. 1). The Court reviewed the Petition and found that Petitioner alleged a state PCR proceeding was ongoing, and gave Petitioner 30 days to show cause why the petition should not be dismissed as premature. (Doc. 6, Order 3/13/09.) Petitioner failed to comply, and on April 21, 2009, judgment (Doc. 7) was entered dismissing the case.

Petitioner subsequently filed a response, motions to extend and amend the petition. The motions were granted, judgment vacated, and the Amended Petition (Doc. 13) was filed on May 5, 2009. Petitioner's Amended Petition asserts a single ground for relief, alleging ineffective assistance of trial counsel. Petitioner argues that he should not be barred by the statute of limitations because he is untrained, illiterate, seriously mentally ill, not advised by counsel of the statute of limitations, and precluded by prison regulations from obtaining assistance from other inmates.  Service and a response were ordered.  (Doc. 12, Order

1 | 5/5/09.)

**Response** - On September 2, 2009, Respondents filed their Response ("Answer") (Doc. 24). Respondents argue that Petitioner's Petition is untimely, barred by the statute of limitations, and that Petitioner is not entitled to equitable tolling.

**Reply** - On September 30, 2009, Petitioner filed a Reply (Doc. 25). Petitioner argues that he is indigent, untrained in the law, and seriously mentally ill, that prison regulations and state laws on the unauthorized practice of law precluded him from gaining assistance, that the legal resources available to him were limited, and that he did not have fair notice of the statute of limitations.

## III. APPLICATION OF LAW TO FACTS

### A. TIMELINESS

#### 1. One Year Limitations Period

Respondents assert that Petitioner's Petition is untimely. As part of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Congress provided a 1-year statute of limitations for all applications for writs of habeas corpus filed pursuant to 28 U.S.C. § 2254, challenging convictions and sentences rendered by state courts. 28 U.S.C. § 2244(d). Petitions filed beyond the one year limitations period are barred and must be dismissed. 28 U.S.C. § 2244(d)(1).

#### 2. Commencement of Limitations Period

The one-year statute of limitations on habeas petitions generally begins to run on "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner's direct review ended when his convictions and sentences were **affirmed by a decision** filed **March 16, 2005**. (Exhibit L, Mem. Dec. 2/27/07 at 2.) Although Petitioner did not seek review by the Arizona Supreme Court, his judgment did not become final until 30 days later when his time to seek review by the Arizona Supreme Court expired. *See* Ariz. R. Crim. P. 31.19(a).

Thus, Petitioner's judgement became **final after Friday, April 15, 2005**, and his one year began to run on April 16, 2005.

### 3. Normal Expiration of Year

Barring any applicable tolling, Petitioner's limitations period would have commenced running on April 16, 2005 and it **expired on April 15, 2006**, one year later.

### 4. Statutory Tolling

The AEDPA provides for tolling of the limitations period when a "properly filed application for State post-conviction or other collateral relief with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The statutory tolling applies during the entire time during which the application is pending, including interludes between various stages of appeal on the application. The "AEDPA statute of limitations is tolled for 'all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application.' " *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999) (quoting *Barnett v. Lemaster*, 167 F.3d 1321, 1323 (10th Cir.1999)). *See also Carey v. Saffold*, 536 U.S. 214, 217 (2002).

**First PCR Petition** - Petitioner **commenced** his first PCR proceeding on **July 18, 2005**, when he filed a Notice of Post-Conviction Relief. As of that date, **93 days elapsed** since his one year began running on April 15, 2005. That PCR proceeding remained **pending until August 17, 2007**, when the Arizona Supreme Court denied review.[1] As of that date, Petitioner had **272 days remaining** on his one year, thus leaving his one year to **expire on May 16, 2008**.

---

[1] Although the Arizona Court of Appeals did not issue its mandate until October 5, 2007 (Exhibit O, Docket at 3), the date of the actual ruling controls. *See White v. Klitzkie*, 281 F.3d 920, 924 n.1 (9th Cir. 2002)(absent rule to contrary, date of decision not mandate controls).

**Second PCR Petition** - Petitioner did not commence his second PCR proceeding until **December 2, 2008** (Exhibit P). By that date, his one year had been expired for over six months. Once the habeas statute has run, a subsequent post-conviction or collateral relief filing does not reset the running of the one year statute. *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001); *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003).

**Summary re Statutory Tolling** - Based on the foregoing, Petitioner is entitled to statutory tolling during the pendency of his first PCR proceeding, extending the expiration of his one year to May 16, 2008.

### 5. Timeliness of Federal Habeas Petition

The undersigned presumes for purposes of this Report and Recommendation that the filing of Petitioner's Amended Petition (Doc. 13) relates back in time to January 20, 2009 when he filed his original Petition (Doc. 1). *But see Hebner v. McGrath*, 543 F.3d 1133, 1138 (9th Cir. 2008) (relation back only if original and amended claims have common core of operative facts). By that date, however, Petitioner's limitations period had been expired for over 8 months. Thus, Petitioner's habeas petition was untimely.

### 6. Equitable Tolling

Petitioner asserts that he is entitled to equitable tolling of the limitations period. "Equitable tolling of the one-year limitations period in 28 U.S.C. § 2244 is available in our circuit, but only when 'extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time' and 'the extraordinary circumstances were the cause of his untimeliness.'" *Laws v. Lamarque*, 351 F.3d 919, 922 (9th Cir. 2003).

> To receive equitable tolling, [t]he petitioner must establish two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way. The petitioner must additionally show that the extraordinary circumstances were the cause of his untimeliness, and that the extraordinary circumstances ma[de] it impossible to file a petition on time.

*Ramirez v. Yates,* 571 F.3d 993, 997 (9th Cir. 2009) (internal citations and quotations

omitted). "Indeed, 'the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule.'" *Miranda v. Castro,* 292 F.3d 1063, 1066 (9th Cir. 2002) (quoting *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir.).

While the standard for establishing entitlement to equitable tolling is high, the standard for an evidentiary hearing on such a claim is not so rigorous. Indeed, a habeas petitioner asserting equitable tolling "should receive an evidentiary hearing when he makes 'a good-faith allegation that would, if true, entitle him to equitable tolling.'" *Roy v. Lampert,* 465 F.3d 964, 969 (9th Cir. 2006) (quoting *Laws v. Lamarque*, 351 F.3d 919, 919 (9th Cir.2003). Moreover, when evaluating a *pro se* habeas petitioner's allegations of such extraordinary circumstances, the court must "construe pro se habeas filings liberally." *Id.* (quoting *Allen v. Calderon*, 408 F.3d 1150, 1153 (9th Cir.2005)).

**Availability of Equitable Tolling after *Bowles*** - Respondents argue based on *Bowles v. Russell,* 551 U.S. 205 (2007), that the Ninth Circuit has wrongly concluded that equitable tolling is available under the habeas limitations period. In *Bowles*, the Court found that the general appellate time limits under 28 U.S.C. § 2107 were jurisdictional and thus not subject to exceptions on equitable grounds, even when appealing the denial of a habeas petition. However, some six months prior to Respondents Answer, the Ninth Circuit rejected Respondents' reasoning and refused to extend *Bowles* to the time limits on original habeas petitions. *See Caldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 n. 2 (9th Cir. 2009) (decided February 25, 2009). Moreover, the Supreme Court recently resolved the matter in *Holland v. Florida,* 560 U.S. \_\_\_\_, 130 S.Ct. 2549 (2010), where they explicitly held that the habeas statute of limitations was not jurisdictional, and was subject to equitable tolling.

**Relevant Time Periods** - Here, the relevant time periods, when the one year was running, are April 16 to July 18, 2005 (in the interim between direct appeal and the first PCR petition), and August 17, 2007 and May 16, 2008 (in the interim between the first PCR petition and the expiration of the one year).

Petitioner asserts a number of circumstances which he argues establish grounds for equitable tolling, including his mental illness, his lack of notice of the limitations period and

lack of legal training, counsel's failure to advise him of the limitations period, and his lack of legal resources and assistance.

**<u>Petitioner's Mental Illness</u>** - Petitioner argues that he is entitled to equitable tolling because he is "seriously mentally ill." (Reply, Doc. 25 at 2.) However, Petitioner provides scant support for this claim, and makes no allegations about how his mental illness precluded him from making a timely filing.

It is true that an evaluation done during trial, in November, 2003, resulted in a diagnosis of a depressive disorder, polysubstance abuse, paranoid personality disorder, and schizoid personality disorder. (Pet. Exhibit, Doc. 14-1, Pet. PCR, Exhibit 1 at 4.) It was noted that Petitioner "was not oriented to the month of the year, the date of The month, or day of the week . . . thought processes were racing and preoccupied with paranoia." (*Id.*) However, the same report concluded that Petitioner's "intellectual ability is estimated to be in the average to above average range," with a "fair general fund of information," and his "highest school achievement was to the 9th grade." (*Id.*)

"Where a habeas petitioner's mental incompetence in fact caused him to fail to meet the AEDPA filing deadline, his delay was caused by an "extraordinary circumstance beyond [his] control," and the deadline should be equitably tolled." *Laws v. Lamarque*, 351 F.3d 919, 923 (9th Cir. 2003). "However . . .mental incompetence is not a *per se* reason to toll a statute of limitations. Rather, the alleged mental incompetence must somehow have affected the petitioner's ability to file a timely habeas petition." *Nara v. Frank,* 264 F.3d 310, 320 (3rd Cir. 2001), *overruled in part on other grounds by Carey v. Saffold*, 536 U.S. 214 (2002). "[M]ental illness tolls a statute of limitations only if the illness in fact prevents the sufferer from managing his affairs and thus from understanding his legal rights and acting upon them. Any other conclusion would perpetuate the stereotype of the insane as raving maniacs or gibbering idiots." *Miller v. Runyon,* 77 F.3d 189, 191 -192 (7th Cir. 1996) (applying equitable tolling to Rehabilitation Act).

Petitioner fails to connect his mental condition to his failure to file a timely petition. While Petitioner may have suffered from those diagnoses, he makes no connection between

them and his failure to file a timely habeas petition. He does not, for example, suggest that he was so mentally incompetent that he could not have prepared a timely federal habeas petition. He simply states that he was mentally ill.

Petitioner also proffers nothing as to his mental status subsequent to trial. Petitioner's subsequent *pro se* filings in his state proceedings (*see eg.* Exhibit M, Motion for Reconsideration; Exhibit N, Pet. Rev.; Exhibit P, PCR Not.), his federal civil rights case in this Court (*Vijan v. Philips & Associates, P.C.*, CV-06-1817-PHX-DGC-JRI (PS)), and in the instant proceeding, all reflect that Petitioner is not so affected by his mental illness as to be unable to pursue a federal habeas petition. He does not suggest that his condition was significantly worse at the time his limitations period was running, as opposed to the times when he was make those filings.

Further, Petitioner does not suggest that additional evidence would be available at an evidentiary hearing to establish such mental illness during the relevant time period, or its effect on his ability to file a timely federal habeas petition.

In sum, Petitioner simply makes the broad allegation that he suffers from mental illness and thus is entitled to equitable tolling. That allegation is not sufficient to warrant an evidentiary hearing, and much less so to establish a basis for equitable tolling.

**Lack of Notice of Statute of Limitations & Lack of Legal Training** - Petitioner casts himself as "unlearned in law and basically illiterate of the law," and complains that he was unaware of the statute of limitations, and that due process precludes enforcement until he is given fair notice of the statute. (Reply, Doc. 25 at 3-4.)

With regard to Petitioner's notice of the statute, "it is well established that ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir.2000) (quotation marks and citation omitted) (as cited in *Raspberry*, 448 F.3d at 1154). *Cf. Whalem/Hunt v. Early,* 233 F.3d 1146, 1148 (9th Cir.2000) (*en banc*) (*per curiam*) (lack of access to AEDPA, as opposed to knowledge of it, might be cause for equitable tolling).

Withe regard to Petitioner's lack of legal prowess, "[i]t is clear that *pro se* status, on

its own, is not enough to warrant equitable tolling." *Roy v. Lampert,* 465 F.3d 964, 970 (9th Cir. 2006). A prisoner's "proceeding *pro se* is not a 'rare and exceptional' circumstance because it is typical of those bringing a § 2254 claim." *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000). *See also Rasberry v. Garcia,* 448 F.3d 1150, 1154 (9th Cir. 2006) ("a *pro se* petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling").

**Counsel's Failure to Advise** - Moreover, appellate and PCR[2] counsel's failure to advise Petitioner of the statute of limitations does not escalate Petitioner's ignorance to an exceptional circumstance. Although an attorney's behavior can establish the extraordinary circumstances required for equitable tolling, mere negligence or professional malpractice is insufficient. *Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir.2001). A "garden variety claim of excusable neglect,' such as a simple 'miscalculation' that leads a lawyer to miss a filing deadline does not warrant equitable tolling.' " *Holland*, 560 U.S. at _____ (slip opinion at 19). Rather, the attorney's misconduct must rise to the level of extraordinary circumstances. *Id.* An unadorned failure to advise about a limitations period would, at best, be simple negligence. *Cf. Spitsyn v. Moore,* 345 F.3d 796, 801 (9th Cir. 2003) (allowing equitable tolling where petitioner's counsel was hired almost a year in advance, failed to do anything to prepare the petition or to respond to numerous letters and phone calls, and withheld petitioner's file for over two months after the limitations period expired); *Holland*, *supra* (discussing potential for finding of extraordinary circumstances where counsel misinformed petitioner about filing deadline, failed to communicate conclusion of state appeals, and failed

---

[2] Arguably, Petitioner had no constitutional right to counsel in his state PCR proceeding, and thus cannot rely upon any failure of such counsel to establish grounds for equitable tolling. *See Holland*, 560 U.S. at ___ , slip dissent at 2-3 (Alito, J., dissenting in part), citing *Lawrence v. Florida*, 549 u.S. 327, 336-337 (2007) ("Attorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel.")). However, this rationale draws from the law of cause and prejudice, and depends upon a finding of a constitutionally significant cause to avoid federalism concerns, which concerns are less significant in the limitations arena than in the procedural default realm.

to communicate with petitioner at all over a period of years, all despite repeated requests by petitioner).

**Lack of Legal Resources & Assistance** - Petitioner complains that the Arizona Department of Corrections has removed "law libraries and law books" from the prison, and denied him any other form of assistance because: (1) prison paralegals are precluded from offering legal advice; and (2) prison regulations precluding inmates from helping each other with legal matters, and prohibitions on the practice of law by unauthorized persons kept ADOC employees and inmates from assisting him. Petitioner asserts that "[h]ad someone trained in the law assisted Vijan with the preparation of his petition at the time Vijan requested assistance while at the Buckley prison, his petition would have been timely filed." (Reply, Doc. 25 at 2.) He argues that "[w]hile at the Buckley Unit petitioner attempted to locate someone trained in the law to legally advise him regarding the filing of his petition and his claims and to assist him with preparing his petition and was told by staff at the resource library that the unit paralegal assistant could not legally advise him nor assist him with preparing the petition per ADC policy and state law regarding the unauthorized practice of law." (Amend. Pet. Doc. 13 at 17.)

The undersigned presumes the accuracy of Petitioner's description of the limited legal resources and assistance available to him in the Arizona prisons. However, those conditions did not preclude Petitioner from making a timely filing.

The bulk, and final portion of Petitioner's one year expired between August 17, 2007 and May 16, 2008 (in the interim between the first PCR petition and the expiration of the one year).[3] The Court notes that Petitioner's original habeas petition asserts that it was "[o]n or

---

[3] The first part of Petitioner's one year expired between April 16 and July 18, 2005 (in the interim between direct appeal and the first PCR petition). During that time, Petitioner managed to prepare his first state PCR notice, only after which was he appointed counsel. (Pet. Exhibit, M.E. 1/8/09 at 2.) Respondents also point to Petitioner's filing a civil rights action in this Court in *Vijan v. Philips & Associates, P.C.*, CV-06-1817-PHX-DGC-JRI (PS). However, as reflected in this Court's docket in that case, that action was pending only from July 24, 2006 to June 8, 2007, and thus no filings in that case were prepared during the times that Petitioner's federal imitations period was actually running.

- 11 -

about December 1, 2009 [sic][4] . . . when petitioner learned of the one year limitation of the AEDPA." (Pet. Doc. 1 at 20.) However, in Petitioner's second PCR Notice, he represented that he was "assisted in the preparation of this Notice by a fellow inmate." (Exhibit P, PCR Not. at 11.) That Petition was dated October 20, 2008, and specifically alleged that PCR counsel "<u>did not</u> advise defendant of the need to seek federal review by habeas corpus within one year of the mandate." (*Id.* at 10.) Thus, contrary to the allegations of his original federal Petition, at least as of October 20, 2008, Petitioner had obtained the assistance of another inmate, and was aware that a one year statute of limitations applied. And yet, Petitioner did not file his original federal habeas petition until January 20, 2009, some three months later.

Even if extraordinary circumstances prevent a petitioner from filing for a time, equitable tolling will not apply if he does not continue to diligently pursue filing afterwards. "If the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." *Valverde v. Stinson*, 224 F.3d 129, 134 (2nd Cir. 2000). Ordinarily, thirty days after elimination of a roadblock should be sufficient. *See Guillory v. Roe*, 329 F.3d 1015, 1018, n.1 (9th Cir. 2003). Petitioner offers no explanation for the 90 days that elapsed between the time he became aware of the limitations period and his commencement of this proceeding.

It appears that Petitioner may have made a tactical choice to proceed in the state courts first, not filing his federal petition until a week or so after his second PCR proceeding had been dismissed. (*See* Pet. Exhibit, M.E. 1/8/09.) If so, Petitioner is not entitled to equitable tolling for an erroneous tactical choice. *See Harris v. Carter,* 515 F.3d 1051, 1055 (9th Cir. 2008) ("failure to file a timely petition [as] the result of oversight, miscalculation or negligence on [petitioner's] part . . . would preclude the application of equitable tolling"). *Cf.*

---

[4] That original Petition (Doc. 1) was filed January 20, 2009, suggesting that the date of "December 1, <u>2009</u>" was a scrivener's error, and that Petitioner intended to refer to December 1, <u>2008</u>.

*Roy v. Lampert*, 465 F.3d 964, 971 (9th Cir. 2006) (petitioner diligent where time expended on federal civil suit to obtain law library materials to be able to file habeas petition).

**Summary** - Petitioner fails to proffer facts which would show extraordinary circumstances that made it impossible for him to make a timely federal habeas filing. While Petitioner suggests a number of factors to establish an impediment, they are either not extraordinary circumstances, or he fails to make allegations that connect those factors to his actual failure to timely file his petition. With regard to the only supported contention, *e.g.* his lack of assistance in the prison, Petitioner fails to proffer facts to explain his lack of diligence in filing his federal petition once he became aware of the limitations period, and was capable of making substantive filings, *e.g.* his second PCR notice. Under these circumstance, the undersigned finds no basis for equitable tolling.

## IV. CERTIFICATE OF APPEALABILITY

**Ruling Required** - Rule 11(a), Rules Governing Section 2254 Cases, requires that in habeas cases the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Such certificates are required in cases concerning detention arising "out of process issued by a State court", or in a proceeding under 28 U.S.C. § 2255 attacking a federal criminal judgment or sentence. 28 U.S.C. § 2253(c)(1).

Here, the Petition is brought pursuant to 28 U.S.C. § 2254, and challenges detention pursuant to a State court judgment. The recommendations if accepted will result in Petitioner's Petition being resolved adversely to Petitioner. Accordingly, a decision on a certificate of appealability is required.

**Applicable Standards** - The standard for issuing a certificate of appealability ("COA") is whether the applicant has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v.*

*McDaniel*, 529 U.S. 473, 484 (2000). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

**Standard Not Met** - Assuming the recommendations herein are followed in the district court's judgment, that decision will be on procedural grounds. To the extent that Petitioner's claims are rejected on procedural grounds, under the reasoning set forth herein, the undersigned finds that "jurists of reason" would not "find it debatable whether the district court was correct in its procedural ruling." Accordingly, to the extent that the Court adopts this Report & Recommendation as to the Petition, a certificate of appealability should be denied.

## V. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that the Petitioner's Amended Petition for Writ of Habeas Corpus, filed April 22, 2009 (Doc. 13) be **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that to the extent the reasoning of this Report & Recommendation is adopted, that a certificate of appealability **BE DENIED**.

## V. EFFECT OF RECOMMENDATION

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to *Rule 4(a)(1), Federal Rules of Appellate Procedure*, should not be filed until entry of the district court's judgment.

However, pursuant to *Rule 72(b), Federal Rules of Civil Procedure,* the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See also* Rule 8(b), Rules Governing

1  Section 2254 Proceedings. Thereafter, the parties have fourteen (14) days within which to
2  file a response to the objections. Failure to timely file objections to any findings or
3  recommendations of the Magistrate Judge will be considered a waiver of a party's right to *de*
4  *novo* consideration of the issues, *see United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th
5  Cir. 2003)(*en banc*), and will constitute a waiver of a party's right to appellate review of the
6  findings of fact in an order or judgment entered pursuant to the recommendation of the
7  Magistrate Judge, *Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

DATED: July 29, 2010

_____
JAY R. IRWIN
United States Magistrate Judge

S:\Drafts\OutBox\09-0121-013r RR 10 07 14 nc HC.wpd