**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Masum James Vijan, | No. CV-09-121-PHX-DGC (JRI) |
| Petitioner, | **ORDER** |
| vs. | |
| Charles L. Ryan; and the Attorney General of the State of Arizona, | |
| Respondents. | |

On January 20, 2009, Petitioner Masum James Vijan filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Docs. 1, 13. Magistrate Judge Jay R. Irwin has filed a report and recommendation (R&R) denying relief. Doc. 28. Petitioner has filed objections, a response has been filed, and Petitioner has replied. Docs. 29, 31, 32. The Court will accept the R&R and dismiss the petition.

**I.     Petition and R&R.**

Petitioner was convicted in Pinal County Superior Court of one count each of aggravated assault and criminal damage, *see State v. Vijan*, No. CR2002-00612 (Ariz. Super. Ct. Feb. 14 2003), and was sentenced to 7.5 and 1.5 years, respectively, in prison, *see id.* (Mar. 25, 2003).[1] Petitioner's amended petition raises a single ground for relief – ineffective assistance of trial counsel. Doc. 13. Judge Irwin found the petition untimely. Doc. 28.

---

[1] On May 18, 2005, Petitioner was sentenced to 2.5 years for possession of dangerous drugs in Maricopa County Superior Court, No. CR2002-098174. Plaintiff has also been convicted in Pinal County Superior Court of theft of means of transportation, No. CR2002-00946, and armed robbery, No. CR200300226.

## II. Legal Standard.

A party may file specific, written objections to an R&R within ten days after being served with a copy the R&R. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(C). The Court must undertake a de novo review of those portions of the R&R to which specific objections are made. *See id.*; *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. *See* 28 U.S.C. § 636(b)(1).

## III. Analysis.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") established a one-year period of limitation for federal habeas petitions filed by state prisoners. 28 U.S.C. § 2244(d)(1). That period generally begins to run when the state conviction becomes final by the conclusion of direct review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A). Judge Irwin found that Petitioner's one-year period expired on May 16, 2008, and that his petition is untimely as it was not filed until January 20, 2009. Doc. 28 at 5-6.

Petitioner does not dispute Judge Irwin's time calculation, but argues that the limitations period should be equitably tolled. Doc. 29. Judge Irwin considered and rejected each of Petitioner's equitable tolling arguments, and Petitioner now objects to two of those conclusions.

Under Ninth Circuit law, equitable tolling is available only if extraordinary circumstances beyond the petitioner's control make it impossible to file a timely petition. *Harris v. Carter*, 515 F.3d 1051, 1054-55 (9th Cir. 2008). To invoke equitable tolling, the petitioner must show a causal connection between the alleged roadblock to his timely filing and the actual failure to file the petition on time. *Gaston v. Palmer*, 417 F.3d 1030, 1034 (9th Cir. 2005). The Court concludes that Judge Irwin properly declined to apply equitable tolling in this case.

///

- 2 -

**A.     Mental Illness.**

Petitioner argues that his mental illness impaired his ability to file a timely petition. Judge Irwin considered this argument carefully, and concluded that Petitioner had failed to establish any link between his mental illness and his failure to file the petition on time. Doc. 28 at 8-9. In his objection, Petitioner states that "[t]he magistrate correctly stated that petitioner 'makes no allegations about how his mental illness precluded him from making a timely filing.'" Doc. 29 at 3. Petitioner then asserts that his lack of access to legal resources (the second basis for his claim of equitable tolling) prevented him from providing a sufficient link between his mental illness and his untimely filing. Petitioner provides no additional link. *Id*. Because Judge Irwin found Petitioner's lack of access to legal resources to be insufficient for equitable tolling, and the Court does too as explained below, this argument does not remedy the shortcoming in his mental illness claim. As noted above, "the petitioner must show a causal connection between the alleged roadblock to his timely filing and the actual failure to file the petition on time." *Gaston*, 417 F.3d at 1034. For the reasons stated by Judge Irwin, including the fact that Petitioner presents no evidence of any mental illness subsequent to his state court trial (Doc. 28 at 8-9), and because Petitioner has not remedied the causal shortcomings Judge Irwin identified, the Court concludes that equitable tolling is not available on the basis of Petitioner's alleged mental illness.

**B.     Lack of Legal Resources.**

Petitioner asserts that the lack of prison legal materials and the State's refusal to provide him legal assistance from one trained in the law prevented him from filing a timely petition. Docs. 25 at 2, 32 at 3. Judge Irwin found that even if this were true, Petitioner still has not established a right to equitable tolling. Doc. 28 at 11-12. The Court agrees.

On September 15, 2008, Petitioner sought assistance from a fellow inmate, Raymond Rigsby, in the preparation of a state petition for post-conviction relief and a federal habeas petition. Doc. 29 at 11. Mr. Rigsby agreed to help, and advised Petitioner generally about the "statutory times within which his state and federal petitions must be filed." *Id.* at 12. Two weeks later, Mr. Rigsby informed Plaintiff that the one-year period to file his federal

1 petition had expired on May 16, 2008. *Id.* at 13. Despite knowing that the limitations period 2 had expired more than four months earlier, Petitioner waited an additional three months to 3 actually file his petition. He provides no explanation for this delay.

4 This Circuit has made clear that "equitable tolling is 'unavailable in most cases,' and 5 is appropriate only 'if *extraordinary* circumstances beyond a prisoner's control [made] it 6 impossible to file a petition on time.'" *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 7 2002) (citations omitted). The Court must "take seriously Congress's desire to accelerate the 8 federal habeas process," and may equitably toll the AEDPA's limitation period only 9 "when this high hurdle is surmounted." *Calderon v. United States Dist. Ct. for the Cent.* 10 *Dist. of Cal.*, 128 F.3d 1283, 1288 (9th Cir. 1997); *see United States v. Battles*, 362 F.3d 11 1195, 1197 (9th Cir. 2004) (the equitable tolling standard is a "very high threshold" to 12 overcome). To establish a right to equitable tolling in this case, Petitioner must show that 13 he "diligently pursue[d] habeas relief once the impediment that restrained him from doing 14 so [was] removed." *Vineyard v. Dretke*, No. Civ.A. 5:01CV173C, 2005 WL 2219272, at \*13 15 (N.D. Tex. Aug. 5, 2005). Petitioner has made no such showing.

16 Judge Irwin notes, correctly, that it appears that Petitioner made a calculated tactical 17 choice to proceed in state court first, not filing his federal petition until after his second post-18 conviction relief proceeding had been dismissed on January 8, 2009. Doc. 28 at 12; *see* Doc. 19 24-3 at 37-52, 83-85. But the strategy to wait to file his federal petition "is the kind of 20 'oversight, miscalculation or negligence' for which equitable tolling is not appropriate." 21 *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009) (citation omitted).

22 The Court agrees with Judge Irwin that equitable tolling is not available on the basis 23 of the asserted lack of access to legal resources. *See id.* at 1014 (rejecting argument 24 regarding lack of access to legal materials where the petitioner, if diligent, easily could have 25 prepared and filed a basic form habeas petition); *Vineyard*, 2005 WL 2219272, at \*13 (the 26 fact that the petitioner "waited three months [after removal of the impediment] before filing 27 his petition further negates a finding that he acted with 'diligence and alacrity'"); *Davis v.* 28 *Johnson*, No. 7:07cv00089, 2007 WL 2029306, at \*2 (W.D. Va. July 10, 2007) (lack of

- 4 -

access to legal materials did not constitute the requisite "extraordinary circumstance" where the petitioner "failed to exercise due diligence in investigating and brining his claim once the impediment was removed").

**IT IS ORDERED:**

1. Magistrate Judge Jay R. Irwin's report and recommendation (Doc. 28) is **accepted**.

2. Petitioner Masum James Vijan's amended petition for writ of habeas corpus (Doc. 13) is **dismissed**.

3. The Clerk is directed to enter judgment accordingly.

4. The Court has considered whether a certificate of appealability should issue under 28 U.S.C. § 2253(c), and concludes that it should not. Petitioner has not shown that "jurists of reason" would find it debatable whether the Court is correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

DATED this 14th day of December, 2010.

_____
David G. Campbell
United States District Judge