**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Masum James Vijan, | No. CV09-0121-PHX-DGC |
| Petitioner, | **ORDER** |
| vs. | |
| Charles L. Ryan; and the Attorney General of Arizona, | |
| Respondents. | |

Petitioner Masum James Vijan has filed a motion to vacate the Court's order (Doc. 33) adopting Magistrate Judge Jay R. Irwin's report and recommendation and dismissing the petition for writ of habeas corpus as untimely. Doc. 35. The Court construes the instant motion as a motion for reconsideration.

This Court's Local Rules of Civil Procedure provide that, "[a]bsent good cause shown, any motion for reconsideration shall be filed no later than fourteen days after the date of the filing of the Order that is the subject of the motion." LRCiv 7.2(g)(2). The Court's order adopting the R&R and denying the petition was filed on December 14, 2010. Doc. 33. The deadline for filing motions for reconsideration from that order was therefore December 28, 2010. *See* LRCiv 7.2(g)(2). Petitioner filed his motion for reconsideration on January 18, 2011. Petitioner has not shown good cause for his delay. The Court will accordingly deny the motion for reconsideration as untimely.

Even if the Court were to consider the motion on the merits, motions for reconsideration are disfavored and should be granted only in rare circumstances. *See*

*Stetter v. Blackpool*, No. CV 09-1071-PHX-DGC, 2009 WL 3348522, at *1 (D. Ariz. Oct. 15, 2009). Mere disagreement with an order is an insufficient basis for reconsideration. *See Ross v. Arpaio*, No. CV 05-4177-PHX-MHM, 2008 WL 1776502, at *2 (D. Ariz. 2008). Nor should reconsideration be used to ask the Court to rethink its analysis. *Id.*; *see N.W. Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925-26 (9th Cir. 1988). Courts in this district have identified four circumstances where a motion for reconsideration will be granted: (1) the moving party has discovered material differences in fact or law from those presented to the Court at the time of its initial decision, and the party could not previously have known of the factual or legal differences through the exercise of reasonable diligence, (2) new material factual events have occurred after the Court's initial decision, (3) there has been a material change in the law after the Court's initial decision, or (4) the moving party makes a convincing showing that the Court failed to consider material facts that were presented to the Court at the time of its initial decision. *See, e.g.*, *Motorola, Inc. v. J.B. Rodgers Mech. Contractors, Inc.*, 215 F.R.D. 581, 586 (D. Ariz. 2003).

With respect to his mental illness claim, Petitioner argues that the Court erred by finding that he did not submit evidence of mental illness subsequent to his February 2003 state court trial. Doc. 35, at 4-5; *see* Doc. 24-1, at 5-6 (minute entry of jury trial). He cites a November 16, 2003 report by Dr. Leo Munoz, which he had previously attached to his amended petition. Doc. 14-1, at 13-16. In finding that equitable tolling was not available on the basis of Petitioner's alleged mental illness, the Court agreed with Judge Irwin's conclusion that Petitioner failed to establish any link between his mental illness and his failure to file the petition on time. Doc. 33, at 3; *see Gaston v. Palmer*, 417 F.3d 1030, 1034 (9th Cir. 2005) (requiring petitioner to show a causal connection between an alleged roadblock to his timely filing and the actual failure to file the petition on time). Plaintiff has not presented new evidence or new factual events, nor has he made a convincing showing that the Court failed to consider material facts related to his mental illness.

1   With respect to his lack of legal resources claim, Petitioner argues that the Court erred in speculating that he made a tactical decision to file his second state petition for post-conviction relief before filing his federal petition. Doc. 35, at 8. The Court noted that waiting to file a federal petition "is the kind of 'oversight, miscalculation or negligence' for which equitable tolling is not appropriate." Doc. 33, at 4 (quoting *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009)). Petitioner has not presented an intervening change in the law, nor has he shown that the Court failed to consider material facts presented at the time of its initial decision.

Petitioner improperly asks the Court to rethink its analysis, which the Court declines to do. *See United States v. Rezzonico*, 32 F. Supp. 2d 1112, 1116 (D. Ariz. 1998). Petitioner also asks for leave to amend his habeas petition if it is determined that amendment would cure the untimeliness of his habeas petition. Doc. 35, at 2. The Court will deny leave to amend because amendment would be futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

**IT IS ORDERED:**

1. Petitioner's motion to vacate (Doc. 35) is **denied**.
2. The Clerk is directed to terminate this action.

Dated this 23rd day of July, 2012.

_____
David G. Campbell
United States District Judge